**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JOSEPH ANTONETTI,**

      **Plaintiff,**

**v.**                                                                                              **No. 21-cv-0279 DHU/SMV**

**FNU SANTISTEFAN, FNU MARTINEZ,**
**FNU BROWN, FNU BUCKALEW,**
**JOHN GAY, GEO CORP., FNU CHAVEZ,**
**ALISHA LUCERO, FNU ETTER,**
**FNU MENDONZA, FNU UYUON,**
**FNU GOMEZ, FNU LUJAN-GRISHAM,**
**DOES 1–15, FNU DURAN, and NMCD,**

      **Defendants.**

**ORDER DENYING MOTIONS TO WAIVE THE INITIAL PARTIAL PAYMENT AND GRANTING AN EXTENSION OF 30 DAYS TO MAKE THE PAYMENT**

THIS MATTER is before the Court on Plaintiff's Motion to Waive Initial Installment [Doc. 4], filed on July 19, 2021, and on Plaintiff's Motion for Order [Doc. 5], filed on January 5, 2022. Both Motions ask the Court to waive the initial partial payment of the filing fee ordered by the Court on July 9, 2021. [Doc. 3]. The Court will deny the Motions and order Plaintiff to submit the initial partial payment within 30 days.

Plaintiff, who is incarcerated, brought this civil rights proceeding on March 26, 2021. [Doc. 1]. On the same day, Plaintiff moved to proceed *in forma pauperis* under 28 U.S.C. § 1915 and supplied the required 6-month inmate-account statement. [Doc. 2] at 3–4. On July 9, 2021, the Court applied the relevant statutory calculation, *see* § 1915(b), to Plaintiff's 6-month inmate-account statement. [Doc. 3]. Based on that inmate-account statement, the Court granted

Plaintiff leave to proceed *in forma pauperis* and ordered him to make an initial partial payment of the filing fee in the amount of $9.33 within 30 days.  [Doc. 3].

Plaintiff did not pay the $9.33 initial partial payment.  Instead, he filed his Motion to Waive Initial Installment [Doc. 4] on July 19, 2021.  In that Motion, Plaintiff claims that the original inmate-account statement does not reflect his normal financial status and that he has no funds to pay the initial partial payment.  *Id.* at 1.  Plaintiff also represents that he requested another inmate-account statement, which would show that he has no funds, but that he had not received the statement and did not know if he would receive it for several months.  *Id.*  He concluded by saying that he was awaiting a COVID stimulus payment and that "if funds show up Antonetti will happily provide the filing fee."  *Id.*

Plaintiff did not submit a second account statement or pay the initial partial payment. Instead, almost six months later, he filed a second Motion, again asking the Court to waive the initial partial payment. [Doc. 5]. His second Motion does not include any account statement or other documentation showing that he currently does not have, and in the past six months has not had, funds available to pay the initial partial fee.  *See id.*

The only 6-month inmate-account statement filed by Plaintiff shows that he was receiving regular payroll deposits from a prison job or jobs and regular deposits from outside sources. [Doc. 2] at 3–4.  As of the date of the account statement, Plaintiff had adequate funds to pay the $9.33 initial partial payment.  Plaintiff's commissary purchases do not relieve him of having to pay an initial partial payment.  *See generally id.*  The Court may properly require an inmate to choose between prison purchases and litigation.  *See Shabazz v. Parsons,* 127 F.3d 1246, 1248–

49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947, 949 (10th Cir. 2001).

Plaintiff has not provided any account statement or other financial documentation contradicting his original inmate-account statement. Nor has he submitted any documentation establishing that he has no funds available to make the $9.33 payment. Therefore, the Court will deny his Motions [Docs. 4, 5] and will grant him and additional 30 days to make the initial partial payment of $9.33. If Plaintiff does not make the $9.33 initial partial payment **within 30 days**, the Court may dismiss this case without further notice.

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff's Motion to Waive Initial Installment [Doc. 4] be **DENIED**;

(2) Plaintiff's Motion for Order [Doc. 5] be **DENIED**;

(3) Plaintiff make the initial partial payment of $9.33 no later than **March 29, 2022**; and

(4) Plaintiff comply with all other provisions of the Court's July 9, 2021 Order, [Doc. 3].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**