IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ANTONETTI,

    Plaintiff,

v.

                                                                                                                                                               No. 21-cv-279-DHU-DLM

FNU SANTISTEFAN, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon review of the docket.

Plaintiff Joseph Antonetti commenced this case on March 26, 2021, by filing Prisoner's Civil Rights Complaint (the "Original Complaint") (Doc. 1). Plaintiff is an inmate of the Penitentiary of New Mexico, in the custody of the New Mexico Corrections Department ("NMCD"). He is proceeding *pro se* and *in forma pauperis*. In the Original Complaint, Plaintiff claimed that he was deprived due process in a disciplinary hearing and raised several constitutional challenges to the conditions of his confinement while he was incarcerated in Lea County Correctional Facility ("LCCF") and PNM. (Doc. 1 at 4). Plaintiff identified the following defendants: NMCD, LCCF Warden Santistefan, Prison Warden of Security Martinez, LCCF Warden Brown, LCCF Lieutenant Buckalew, Director of Prisons John Gay, Geo Corporation, NMCD Secretary Alisha Lucero, prison guard STIU Etter, prison guard STIU Mendoza, SHO Uyoun, Captain Chavez, CSW Gomez, prison caseworker Gomez, FNU Duran, and John Does 1-15.

The Court construed Plaintiff's Original Complaint as seeking to state two categories of claims: (1) a challenge to disciplinary proceedings against him and the resulting punishment, which affected the length of his sentence because it caused him to lose work/good time; and (2) constitutional challenges to the conditions of his confinement. By a Memorandum Opinion and

Order entered January 12, 2023, the Court screened the Original Complaint and determined that the challenge to the disciplinary proceedings must be raised in a habeas petition under 28 U.S.C. § 2241, and that the conditions of confinement claims failed to comply with Fed. R. Civ. P. 8, which requires a short and plain statement showing the plaintiff is entitled to relief, and otherwise failed to state a cognizable claim under 42 U.S.C. § 1983.  (Doc. 16) (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of inmate complaints).

In the Screening Ruling, the Court provided an overview of the law governing a § 1983 claim and explained that a complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).  (Doc. 16 at 5). As one of the named defendants was GEO Group, the Court explained:

> To the extent Plaintiff seeks to state a claim against GEO group under § 1983, he has not pled sufficient facts to support such a claim. To succeed in a § 1983 action against a corporate entity, a plaintiff must prove that a corporate employee or agent, acting in conformity with a policy or custom of the corporation deprived him of his Constitutional rights. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). "Custom" in this context refers to "persistent and widespread discriminatory practices of state officials" that are not authorized by written law" but "could . . . be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691.

(Doc. 16 at 6).

As to the individual defendants and the unnamed defendants, the Court explained why the allegations in the Original Complaint were insufficient to state a claim and provided an overview of what was required to state claims against John Doe defendants. (Doc. 16 at 8 (citing *Walker v. Mohiuddin*, 947 F.3d 1244, 1249-50 and *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013)

for the proposition that collective, passive voice allegations against "defendants" generally are not sufficiently specific to state a claim) and *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) for the proposition that a plaintiff may "use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served").

The foregoing and other analyses in the Screening Ruling provided Plaintiff—who is apprised of the facts of his case—with a legal framework that would facilitate his ability to restate his claims in an amended complaint that could survives screening. Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the deficiencies in his civil rights claims within thirty days. Plaintiff was warned that the failure to timely file an amended complaint would result in the dismissal of the claims with prejudice. When Plaintiff declined to amend his Original Complaint, the Court dismissed the case with prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff appealed this ruling to the Tenth Circuit, which reversed on the ground that dismissal with prejudice under Rule 41(b) is permissible only upon consideration of the *Erenhaus* factors. (Doc. 32-1 at 3-4). *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992). Based on the Tenth Circuit's Order and Judgment, the circumstances of this case, and the relevant law, the Court concluded the case should not be dismissed as a sanction under *Ehrenhaus*. Instead of simply dismissing the Original Complaint *without prejudice* under Rule 41(b), the Court determined that the interests of justice would be served by giving Plaintiff another opportunity to file an amended civil rights complaint consistent with the standards set forth in the Court's Screening Ruling. (See Doc. 33 (Order Allowing Amendment)). The Court mailed Plaintiff a new copy of the Screening Ruling for his

reference. The Court warned Plaintiff that failure to file an amended complaint timely would result in dismissal of his conditions of confinement claims with prejudice pursuant to 28 U.S.C. § 1915A(b) and Federal Rule of Civil Procedure 12(b)(6), for the reasons stated in the Screening Ruling. The deadline for Plaintiff to file an amended complaint was October 16, 2023. Plaintiff did not file an amended complaint by the deadline. Instead, on October 2, 2023, he filed a Motion to Appoint Counsel, arguing that he could not amend because he does not have access to a law library, assistance from a law clerk, or writing materials and that he did not understand the Court's orders. (Doc. 34). Then, on November 6, 2023, Plaintiff filed a motion seeking to extend the amendment deadline. Plaintiff averred that the motion to extend was drafted on October 30, 2023—fourteen days *after* the amendment deadline. (Doc. 35 at 1). Although the timing of the extension motion would have justified denying it, the Court instead granted Plaintiff "a <u>final</u> opportunity to file an amended complaint" by granting the motion and extending the deadline by thirty days. (Doc. 36 at 1). In the same Order, the Court denied Plaintiff's motion to appoint counsel. (Doc. 36).

The final deadline to amend expired on December 7, 2023. Plaintiff did not file an amended complaint. Instead, on December 4, 2023, he filed a Motion to Stay or Otherwise Clarify. (Doc. 37) (the "Motion to Stay"). Plaintiff's Motion to Stay is not a substitute for an amended complaint, does not excuse Plaintiff's failure to amend, and shall be denied on its merits. The Screening Ruling provided an overview of the governing law and Plaintiff is possessed of personal knowledge of the facts. Plaintiff's alleged lack of access to a law library or a law clerk should not have affected his ability to amend, and the Court has given Plaintiff numerous opportunities to file an amended complaint. Plaintiff's alleged lack of access to writing materials has not impeded his ability to file the Original Complaint, various motions (including the Motion to Stay, etc.), or his appeal, begs

4

the question why it would affect his ability to amend. In an event, these allegations do not justify staying the case or allowing further opportunities to amend.

Alternatively, even if the Court accepted the Motion to Stay as an amended complaint, it does not state a viable claim. The pleading does not identify the full list of defendants or tie any defendant to the alleged wrongdoing. While Plaintiff acknowledges that he is required specify who has done what to whom, the pleading still fails to do so. The discernable facts focus on the lack of legal access, but Plaintiff fails to satisfy the basic § 1983 pleading standards set forth in the Screening Ruling. And, to the extent Plaintiff alleges the lack of access caused him to lose a non-frivolous claim in *this* case, the claim is not viable on its merits.

The Constitutional right of access to the courts protects an inmate's ability "to present ... grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to *litigate effectively* once in court" or to "conduct generalized research." *Brooks v. Colorado Dep't of Corr.*, 730 F. App'x 628, 631 (10th Cir. 2018) (emphasis in original), quoting *Lewis v. Casey*, 518 U.S. 343, 354, 360 (1996). "The right 'guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *Lewis*, 518 U.S. at 356. To state a claim for lack of access to the courts, "[a] plaintiff must show 'actual injury' . . . as that right is not a "freestanding right to a law library or legal assistance." *Brooks*, 730 F. App'x at 631-32, quoting *Lewis*, 518 U.S. at 351. In other words, "[t]he plaintiff 'must show that any denial or delay of access to the court prejudiced him in pursuing litigation. *Brooks*, 730 F. App'x at 632, quoting *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).

Here, Plaintiff has not shown that prison officials prevented him from presenting his

grievances to the Court. On the contrary, he has vigorously litigated this case. That he has foregone every opportunity to file an amended complaint consistent with the standards set forth in the Screening Ruling is reasonably attributable only to him.

Based on Plaintiff's failure to amend his pleading, the Court will dismiss this action for failure to state a claim, including the Prisoner's Civil Rights Complaint, filed March 26, 2021 (Doc. 1), with prejudice pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 12(b)(6), for the reasons stated in the Screening Ruling.

**IT IS ORDERED** that Plaintiff Joseph Antonetti's Prisoner's Civil Rights Complaint **(Doc. 1)** is **DISMISSED** with prejudice and the Motion Stay **(Doc. 37)** is **DENIED**.

**IT IS FURTHER ORDERED** that Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE